land, alleging that Childs and Nickerson were tenants in common with him. They pleaded in bar of the proceeding a former one instituted by them for the same purpose, to which Patton was a party, being served by publication. The case was submitted to the presiding judge without a jury. He held that the present application was barred by the former judgment, and the petitioner excepted.]

## Suddeth *vs.* Kramer.

This was the grant of a new trial in a claim case in justice's court upon *certiorari;* and this court will not interfere with the first grant of a new trial by the presiding judge, the evidence in the case not demanding the verdict.

Judgment affirmed. (Head-note by the court.)

December 21, 1886.

Blandford, Justice.

## Boggess *vs.* Lowrey.

The only ground of complaint is, that the court erred in not continuing the case upon application of plaintiff in error. The showing for continuance was complete, except that it failed to show that the same was not made for delay, but to procure the attendance of the witness at the next term. This was material, and the court could well refuse the continuance for this reason.

Judgment affirmed. (Head-note by the court.)

December 21, 1886.

Blandford, Justice.

| 78b | 353 |
|---|---|
| 110 | 814 |
| 78 | 353 |
| Case 2 | |
| f127 | 407 |

## The Singer Manufacturing Company *vs.* Cole.

Where the only assignment of error in the bill of exceptions was on the following judgment, "Upon argument had, it is ordered by the court that the *certiorari* be not sustained, that the verdict of the jury stand, and that plaintiff in *certiorari* pay all costs that

v 78-23

have accrued in the case," this made no point about dismissing the *certiorari* or anything else, except the ruling that this verdict stand, the *certiorari* be overruled and the plaintiff in *certiorari* pay the costs.

(*a*) The answer of the justice showing conflicting evidence as to the issue involved in the case, there being sufficient evidence to uphold the finding, and the judge of the superior court having approved it, this court will not interfere; and the overruling of the *certiorari* and judgment for costs follow necessarily.

Judgment affirmed.    (Head-note by the court.)

December 21, 1886.

JACKSON, Chief Justice.

---

## CLAPP *vs.* WALTON, administrator.

This being an issue whether certain land was vacant and subject to headright, or was the property of the caveator, and the evidence being somewhat conflicting, the jury having found for the caveator, and the presiding judge having approved the finding, a new trial will not be granted.

Judgment affirmed.    (Head-note by the court.)

November 23, 1886.

JACKSON, Chief Justice.

---

## JOHNSON *vs.* MORRISON, BAIN & COMPANY.

There is sufficient evidence to sustain the finding, and there being no question of law in this case and no erroneous ruling suggested or assigned, it follows that there is nothing on which this court can pass, and it must therefore order the judgment affirmed.    (Head-note by the court.)

December 21, 1886.

HALL, Justice.